UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODNEY KING,

       Petitioner,

v.

J. A. TERRIS,

       Respondent.

_____/

Case No. 14-cv-14627

Hon. Matthew F. Leitman

## OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS (ECF #1)

Petitioner Rodney King ("Petitioner") is an inmate at the Federal Correctional Institution in Milan, Michigan. On December 8, 2014, Petitioner, acting *pro se*, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 (the "Petition"). (*See* ECF #1.) Petitioner argues that certain prior convictions were improperly used to enhance his sentence for a federal firearms conviction. (*See id.*) The Court **DISMISSES** the Petition because Petitioner may not challenge his sentence pursuant to § 2241.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On March 6, 2006, Petitioner was indicted in the United States District Court for the Northern District of Ohio on two felony counts: (1) possession with intent to distribute crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and

1

841(b)(1)(B), and (2) felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (*See* ECF #10-3 at 1, Pg. ID 203.) Petitioner pleaded not guilty and was tried before a jury in 2007. The jury convicted him of both charges. (*See id.*)

At sentencing, the district court determined that Petitioner was subject to a mandatory minimum sentence under the Armed Career Criminal Act (the "ACCA"), 18 U.S.C. § 924(e). Under the ACCA, "an individual who violates § 922(g)(1) and has three previous convictions for a violent felony is subject to a mandatory minimum penalty of 15 years imprisonment." *United States v. Welch*, 774 F.3d 891, 893 (6th Cir. 2014), *petition for cert. filed*, No. 14-9971 (U.S. May 26, 2015). On May 8, 2007, the district court sentenced Petitioner as an "armed career criminal" to two concurrent terms of 264 months (twenty-two years) in prison, followed by four years of supervised release. (*See* ECF #10-3 at 2-4, Pg. ID 204-206.)

Petitioner appealed his convictions to the United States Court of Appeals for the Sixth Circuit. Petitioner challenged the sufficiency of the evidence, the district court's ruling on two issues pertaining to a detective's testimony, and the reasonableness of his sentence. *See United States v. King*, 339 Fed. App'x 604 (6th Cir. 2009). The Sixth Circuit affirmed Petitioner's conviction and sentence in an unpublished decision. *See id.*

In 2010, Petitioner filed a motion with the district court to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Petitioner asserted three grounds for relief: (1) his trial counsel was ineffective for failing to challenge his sentence under the ACCA and for not moving to suppress his pretrial statements; (2) the trial court violated his right to represent himself when it prohibited him from filing pretrial motions *pro se*; and (3) the trial court committed "clear error" when it sentenced him under the ACCA because two of his four prior convictions were not 'crimes of violence' as defined by the statute. The district court denied Petitioner's motion. *See United States v. Rodney King*, No. 06-cr-170 at Dkt. #103 (N.D. Ohio Oct. 21, 2010). The Sixth Circuit then denied Petitioner a certificate of appealability. That court stated that "the district court did not err in determining that all four of King's prior convictions qualified under the ACCA" and that "there were, in fact, at least three prior convictions on which to base his sentence as a career criminal." *King v. United States*, No. 10-4372, Dkt. #41 at 5 (6th Cir. Nov. 21, 2011) (unpublished).

In 2013, Petitioner next filed a motion to correct his sentence under Federal Rule of Criminal Procedure 36 ("Rule 36"). He argued that the statutory maximum sentence for his firearm offense was ten years and, therefore, his twenty-two year sentence was unlawful. The district court denied Petitioner's motion on

3

the ground that Rule 36 can be used only to correct clerical errors. Petitioner appealed that decision, and the Sixth Circuit affirmed. *See United States v. King*, No. 13-4006, Dkt. #22 (6th Cir. June 30, 2014) (unpublished).

In 2014, Petitioner sought leave from the Sixth Circuit to file a second or successive motion to vacate, set aside, or correct his sentence under § 2255 (the "Motion for Leave"). Petitioner again argued in the Motion for Leave that three of his prior convictions should not have been used to enhance his sentence under the ACCA and that he was therefore innocent of the armed career criminal enhancement. The Sixth Circuit denied the Motion for Leave because: (1) Petitioner did not provide any new evidence showing that he was innocent of the underlying offense; (2) the evidence on which he relied was available to him when he filed his first § 2255 motion and, therefore, it was not "newly discovered" evidence under § 2255(h)(1); and (3) Petitioner challenged the ACCA enhancement in his first § 2255 motion and was barred from doing so again. *See In re Rodney F. King*, No. 14-3582, Dkt. #6-1 (6th Cir. Oct. 17, 2014) (unpublished).

On December 8, 2014, Petitioner filed the instant Petition. (*See* ECF #1.) He makes the same argument that he made in the Motion for Leave, namely that he is innocent of the armed career criminal enhancement because the district court

4

should not have counted three of his prior convictions as predicate offenses under the ACCA. Petitioner relies upon 18 U.S.C. § 921(a)(20) (the "Exclusion Statute"), which states that "[a]ny conviction which has been expunged or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction . . . unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms."

Petitioner insists that the Exclusion Statute barred the district court from treating three of his prior convictions as ACCA predicate offenses. First, Petitioner asserts that his 1974 Ohio conviction for armed robbery should not have been considered a predicate offense under the ACCA because on November 12, 1981, his civil rights were automatically restored under Ohio law. Second, Petitioner contends that his 1967 or 1968 Ohio conviction for armed robbery should not have counted because that case was ultimately terminated by a *nolle prosequi* order. Finally, Petitioner says that his 1968 Federal Youth Act conviction for bank robbery should not have counted because that conviction was automatically set aside by operation of federal law. Petitioner concludes that because the three above-described prior convictions should not have been treated as ACCA predicate offenses, his federal sentence was improperly enhanced under

5

the ACCA. He now seeks relief from that allegedly-improper enhancement.

## ANALYSIS

### A. Petitioner Cannot Attack the Legality of His Federal Sentence Under 28 U.S.C. § 2241

Petitioner seeks relief from his sentence under 28 U.S.C. § 2241. That statute allows a petitioner to challenge "the *execution* or *manner* in which [a] sentence is served." *United States v. Peterman*, 249 F.3d 458, 461 (emphasis added). However, § 2241 is generally not an appropriate vehicle for a federal prisoner to challenge the *legality* of his conviction or sentence. The primary mechanism for challenging the legality of a federal sentence is a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. *See id.* "The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255." *Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999).

Petitioner insists that he may nevertheless challenge the legality of his sentence under § 2241 based on the so-called "savings clause" of § 2255(e) (the "Savings Clause"). The Savings Clause allows a federal prisoner to seek relief under § 2241 if "the remedy by motion [under § 2255] *is inadequate or ineffective to test the legality of his detention.*" 28 U.S.C. § 2255(e) (emphasis added); *see also Wooton v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012). "The § 2255 remedy is

not considered inadequate or ineffective simply because § 2255 relief has already been denied or because the petitioner is procedurally barred from pursuing relief under § 2255 or because the petitioner has been denied permission to file a second or successive motion to vacate." *Charles*, 180 F.3d at 756 (citations omitted).

In addition to satisfying the Savings Clause by showing that the § 2255 remedy is inadequate or ineffective, a § 2241 petitioner must demonstrate "'actual innocence' of his underlying offenses." *Saccoccia v. Farley*, 573 Fed. App'x 483, 484 (6th Cir. 2014), To establish actual innocence in this context, a "petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id.*

Petitioner is not entitled to proceed under the Savings Clause for two reasons. First, Petitioner has failed to establish that the remedy under § 2255 is inadequate or ineffective. Specifically, Petitioner had a reasonable opportunity to file – and in fact did file – an initial § 2255 motion in which he could have raised the same challenge to his sentence under the Exclusion Statute that he raises now. The Exclusion Statute on which Petitioner relies was last amended on January 5, 2006 – months *before* Petitioner was indicted. And, as the Sixth Circuit noted, "the evidence on which [Petitioner now] relies was available to him at the time he filed his first § 2255 motion." *In re Rodney F. King*, No. 14-3582, Dkt. #6-1 at 2

7

(6th Cir. Oct. 17, 2014) (unpublished). Thus, both the legal and factual bases underlying Petitioner's current arguments were available to him when he filed his original motion under § 2255. Because Petitioner could have, but failed to, raise his current challenge to the ACCA sentencing enhancement in his original § 2255 motion, he is unable to establish that he lacked an effective or adequate remedy under § 2255. Therefore, he may neither avail himself of the Savings Clause nor proceed under § 2241. *See Shehee v. Sanders*, 105 Fed. App'x 10, 12 (6th Cir. 2004) (holding that "the district court correctly concluded that [petitioner] could have brought his claim earlier by motion to vacate sentence pursuant to § 2255, and that the § 2255 remedy is not inadequate or ineffective merely because he may now be procedurally barred from bringing his claim under that provision"); *Moore v. Sanders*, 84 Fed. App'x 572, 574 (6th Cir. 2003) (holding that § 2255 remedy was not inadequate and that habeas petitioner could not proceed under § 2241 where the petitioner failed to assert a then-available claim in a previous § 2255 motion).

Second, and moreover, Petitioner has not made the required showing of "actual innocence." Petitioner does not argue that he is actually innocent of the offense for which he was convicted. Instead, he insists that he is "actually innocent" of the ACCA sentence enhancement. (*See, e.g.,* Pet. at 6-7, Pg. ID 8-9.)

8

However, "the actual innocence exception of the savings clause of § 2255, as it has been interpreted by [the Sixth Circuit], is actual innocence of the underlying, substantive offense, not innocence of a sentencing factor." *Green v. Hemingway*, 67 Fed. App'x 255, 257 (6th Cir. 2003) (internal quotation marks omitted). *See also Hayes v. Holland*, 473 Fed. App'x 501, 502 (6th Cir. 2012) ("[Petitioner] does not assert that he is actually innocent of his federal offenses. Rather, he claims actual innocence of the career offender enhancement. The savings clause of section 2255(e) does not apply to sentencing claims"); *Tatum v. Quintana*, 2015 WL 2193786, at *5 (E.D. Ky. May 11, 2015) ("The Sixth Circuit has never extended [the] savings clause to a § 2241 petitioner challenging the enhancement of his sentence; in fact, the Sixth Circuit has repeatedly held (and in no uncertain terms): 'Claims alleging 'actual innocence' of a sentencing enhancement cannot be raised under § 2241.'") (quoting *Jones v. Castillo*, 489 Fed. App'x 864, 866 (6th Cir. 2012)).

A recent Sixth Circuit decision illustrates this point. In *Saccoccia*, *supra*, a habeas petitioner was initially convicted of money-laundering charges. "The sentencing court applied a thirteen-level sentencing enhancement under the then-applicable guidelines because it found that the value of the laundered funds exceeded $100 million." *Saccoccia*, 573 Fed. App'x at 484. The petitioner

9

subsequently filed a § 2241 motion, arguing that he was "innocent of the aggravated sentence imposed by the district court." *Id.* at 485 (internal quotation marks omitted). The Sixth Circuit held that the petitioner's failure "to demonstrate [his] factual innocence" of the underlying money-laundering charge "doom[ed] his § 2241 petition" because "'claims alleging 'actual innocence' of a sentencing enhancement [alone] cannot be raised under § 2241.'" *Id.* (quoting *Jones*, 489 Fed. App'x at 866). Like the petitioner in *Saccoccia,* Petitioner here has not shown that he is actually innocent of the offense of conviction, and this failure further prevents him from invoking the Savings Clause and proceeding under § 2241.

**B. Petitioner's Argument That He is Entitled to Proceed Under § 2241 Based Upon the Concessions by the Government and Action by the Supreme Court in *Persaud v. United States***

As described above, Sixth Circuit precedent forecloses Petitioner from proceeding under § 2241. Petitioner argues that concessions by the government and action by the Supreme Court in *Persaud v. United States*, 134 S. Ct. 1023 (2014), undermine this precedent and allow him to proceed under § 2241. A full understanding of *Persaud* and its procedural history is essential in order to evaluate Petitioner's argument.

The petitioner in *Persaud* was convicted of conspiracy to possess cocaine with the intent to distribute in violation of 21 U.S.C. §§ 846 and 841(a)(i). His

10

sentence depended in large part upon his criminal history. If the petitioner had two or more prior convictions for a "felony drug offense," the petitioner was subject to a mandatory term of life imprisonment. *See* 21 U.S.C. § 841(b)(1)(A). The applicable statute defined a "felony drug offense" as a federal, state, or foreign drug offense "punishable by imprisonment for more than one year." 21 U.S.C. § 802(44). The government asserted that the petitioner had two prior qualifying "felony drug offense" convictions: (1) a 1995 New Jersey state-court conviction for possession of a controlled dangerous substance with intent to distribute; and (2) a 1997 North Carolina state-court conviction for possession with intent to sell and deliver marijuana.

The question then arose: did the North Carolina conviction qualify as a "felony drug offense" for purposes of the two-prior-felony-drug-offense sentence enhancement? To answer that question, the district court applied the then-controlling decision of the United States Court of Appeals for the Fourth Circuit in *United States v. Harp*, 406 F.3d 242, 246 (4th Cir. 2000). In *Harp*, the Fourth Circuit held that in order to determine whether a prior North Carolina conviction was a "felony drug offense" under § 802(44), a district court needed to calculate "the maximum aggravated sentence that could be imposed for that crime upon a [hypothetical] defendant with the worst possible criminal history." *Id.* (emphasis

11

omitted). If that sentence exceeded one year, then the conviction was treated as one involving a "felony drug offense" – even if the actual defendant's maximum prison sentence was less than one year in custody. *Id.*

The actual maximum sentence that the petitioner faced for his North Carolina conviction was only eight months. But under North Carolina law a hypothetical defendant with a more extensive criminal history than the petitioner would have faced a maximum sentence of more than one year. Thus, under *Harp*, the petitioner's North Carolina conviction counted as a "felony drug offense" under the applicable sentencing enhancement.

In 2005, the petitioner filed a motion to vacate, set aside, or correct his enhanced sentence under § 2255. In that motion, the petitioner did not argue that the North Carolina conviction was erroneously treated as a "felony drug offense." The district court denied the motion.

In 2011, the Fourth Circuit overruled *Harp* in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). The court in *Simmons* "held that a prior North Carolina conviction was punishable by imprisonment exceeding one year only if *the particular* defendant's crime of conviction was punishable under North Carolina law by a prison term exceeding one year." *United States v. Bercain-Flores*, --- F.3d ----, 2015 WL 2239325, at *4 (4th Cir. May 14, 2015) (emphasis in original). And

the Fourth Circuit has held that the ruling in *Simmons* applies "retroactive[ly] on collateral review." *United States v. Miller*, 735 F.3d 141, 147 (4th Cir. 2013). Thus, under *Simmons*, the petitioner's 1997 North Carolina conviction no longer qualified as a "felony drug offense," and the petitioner lacked the two convictions required to enhance his sentence.

Based on the *Simmons* decision, the petitioner in *Persaud* filed a second § 2255 motion and argued in the alternative that he was entitled to a writ of habeas corpus under § 2241. The district court first dismissed the § 2255 motion for lack of jurisdiction (because it was a second motion filed without permission from the Fourth Circuit). *See Persaud v. United States*, 2012 WL 5902557, at *1-*2 (W.D.N.C. Nov. 26, 2012). The court then concluded that the petitioner could not proceed under § 2241 because he failed to show that the remedy under § 2255 was inadequate. The court explained: "In the present case, Petitioner does not challenge the legality of his conviction[;] therefore he has failed to demonstrate that pursuit of relief through the provisions of Section 2255 is inadequate." *Id.* at *3. The Fourth Circuit affirmed. *See Persaud v. United States*, 517 Fed. App'x 137 (4th Cir. 2013).

When the case reached the Supreme Court, the Solicitor General conceded that under some circumstances a petitioner may challenge his sentence under

13

§ 2241 even if he does not claim to be innocent of his underlying offense. *See Persaud v. United States*, Brief for the United States, No. 13-6435, 2013 WL 7088877, at *19 (S. Ct. Dec. 20, 2013). Specifically, the Solicitor General argued that:

> The lower courts [] erred in concluding that the savings clause does not permit petitioner to seek relief under Section 2241 purely because he challenges his sentence rather than his conviction. Sentences that exceed the statutory maximum, or that impose a statutory mandatory minimum based on a legal error, are cognizable under the savings clause.

*Id.* The Solicitor General then said that "[g]iven the foreclosure of petitioner's sentencing argument at the time of sentencing and direct appeal, and the advent of *Simmons* after his first Section 2255 motion, habeas relief under the savings clause [was] available" to the petitioner even though he did not also challenge his underlying conviction. *Id.* at *22.

At the request of the parties in *Persaud*, the Supreme Court granted certiorari, vacated the lower court's judgment, and remanded the case to the Fourth Circuit "for further consideration in light of the position asserted by the Solicitor General in his brief for the United States filed on December 20, 2013." *Persaud*, 134 S. Ct. at 1023. Petitioner contends that *Persaud* opens the door for him to invoke the Savings Clause and challenge his sentence under § 2241 even though

14

(1) he is not challenging his conviction and (2) he did not raise in his original § 2255 motion the challenge to his sentence that he now seeks to assert.

**C.** *Persaud* **Does Not Permit Petitioner to Proceed Under § 2241**

Neither the Solicitor General's argument in *Persaud* nor the action of the Supreme Court in that case permits Petitioner to seek relief under § 2241. First, while the Solicitor General conceded that a federal prisoner is not categorically barred form challenging a sentencing enhancement under § 2241, he did *not* suggest that a prisoner may bring such a challenge if he could have previously raised the argument in a § 2255 motion. On the contrary, the Solicitor General said: "the erroneous imposition of a mandatory minimum sentence is a fundamental defect that warrants correction under the savings clause *when the defendant otherwise had no opportunity to raise it*." *Id.* at *21 (emphasis added). Here, as described in detail above, Petitioner had a full opportunity to raise the allegedly erroneous imposition of his enhanced sentence under the Exclusion Statute and he failed to do so. The Solicitor General's position in *Persaud* thus does not support Petitioner's effort to proceed under § 2241.[1]

---

[1] Moreover, and in any event, this Court is bound by Sixth Circuit precedent, not by the Solicitor General's arguments. Unless and until the Sixth Circuit or the Supreme Court overturns the Sixth Circuit precedent discussed above requiring a showing of actual innocence of the underlying offense in order to invoke the Savings Clause, this Court must follow that precedent.

Second, the Supreme Court's order in *Persaud* did not have precedential effect. The Supreme Court merely granted certiorari, vacated the judgment below, and remanded the case "for further consideration." *Persaud*, 134 S. Ct. at 1023. Such orders are known as grant, vacate, and remand ("GVR") orders. *See In re Whirlpool Corp. Front-Loading Washer Products Liability Litigation*, 722 F.3d 838, 845 (6th Cir. 2013), *cert. denied*, 134 S. Ct. 1277 (2014). A GVR order "does not constitute a final determination on the merits; it does not even carry precedential weight." *Gonzalez v. Justices of Mun. Ct. of Boston*, 420 F.3d 5, 7 (1st Cir. 2005); *see also Tyler v. Cain*, 533 U.S. 656, 666 n. 6 (2001) (explaining that a previous GVR order "was not a final determination on the merits") (internal quotation marks omitted).

Simply put, the GVR order in *Persaud* "is not a substantive decision" and does not compel the conclusion that "sentencing enhancements based on ineligible prior convictions are errors amenable to § 2241 relief." *Sharbutt v. Vasquez*, 600 Fed. App'x 251, 252 (5th Cir. 2015). Likewise, the GVR order in *Persaud* does not "change[] the state of existing Sixth Circuit precedent" – discussed above – that forecloses the relief Petitioner seeks here. *Boyd v. Quintana*, 2015 WL 3503271, at *3-*4 (E.D. Ky. June 3, 2015). *See also Wells v. Snyder-Morris*, 2015 WL 2356692, at *8 (E.D. Ky. May 15, 2015) ("While the GVR [order] in *Persaud*

16

gives the Fourth Circuit an opportunity to reconsider its own decision, it does not give district courts free license to ignore binding circuit precedent. And in this case, binding Sixth Circuit precedent bars [petitioner] from seeking relief through a § 2241 petition" because he "has not demonstrated that he is actually innocent of the drug offenses of which he was convicted").

Finally, Petitioner is in a wholly different position than the habeas petitioner in *Persaud*. The petitioner in *Persaud* was permitted to seek relief under § 2241 based upon a binding decision – *Simmons* – that (1) was issued after he sought relief under § 2255, (2) applies retroactively, and (3) precludes use of his prior convictions to enhance his sentence. Petitioner can point to no such case here. He invokes the Supreme Court's decision in *Alleyne v. United States*, 133 S.Ct. 2151 (2013), but his reliance on *Alleyne* is misplaced. In *Alleyne*, a plurality of Supreme Court Justices opined that "[f]acts that increase the mandatory minimum sentence are . . . elements [of the crime] and must be submitted to the jury and found beyond a reasonable doubt." *Alleyne*, 133 S.Ct. at 2158. But *Alleyne* does *not* require *prior convictions* (like those used to enhance Petitioner's sentence) to be submitted to a jury and to be found beyond a reasonable doubt. *See United States v. Nagy*, 760 F.3d 485, 488 (6th Cir. 2014), *cert. denied*, 135 S. Ct. 1009 (2015). In addition, *Alleyne* does *not* "apply retroactively to cases on collateral review." *In re*

17

*Mazzio*, 756 F.3d 487, 491 (6th Cir. 2014). Thus, *Alleyne* is no help to Petitioner. Moreover, the Sixth Circuit has expressly rejected the argument that *Alleyne* allows a habeas petitioner to seek relief under § 2241 where he does not claim to be innocent of his underlying offense. *See Saccoccia*, 573 Fed. App'x at 485 ("*Alleyne* did not address the contours of the 'actual innocence' prerequisite for § 2241 relief[, and] [e]ven if it had, *Alleyne* does not apply retroactively to cases on collateral review.") "*Alleyne* thus cannot save [the] [P]etition." *Id.*

## CONCLUSION

Petitioner has not met his burden of showing that a motion under § 2255 is an inadequate or ineffective remedy for raising his claims, and his contention that *Persaud* authorizes this Court to consider his claims under § 2241 lacks merit. Accordingly, **IT IS HEREBY ORDERED** that the Petition (ECF #1) is **DISMISSED WITHOUT PREJUDICE**.

                                                s/Matthew F. Leitman
                                                MATTHEW F. LEITMAN
                                                UNITED STATES DISTRICT JUDGE

Dated: June 24, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 24, 2015, by electronic means and/or ordinary mail.

                                                s/Holly A. Monda
                                                Case Manager
                                                (313) 234-5113